# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL D. TOAL, | ) |
| Movant, | ) |
| v. | ) Civil No. 14-0206-CV-W-FJG |
| | ) Crim. No. 10-0078-01-CR-W-FJG |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## ORDER

Pending before the Court is Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. No. 1, filed on March 3, 2014).

On March 16, 2010, movant was charged in a three-count indictment with production, attempted receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), and 2252 (a)(4). On September 8, 2010, movant pled guilty to Count One, production of child pornography, pursuant to a written plea agreement. Prior to final sentencing, the Court ordered a competency examination, and the district court determined after conducting a competency hearing, that movant was competent to stand trial and assist counsel, and was not suffering from a mental disease or defect that would prevent him from understanding the nature and consequences of the proceedings against him.

On April 13, 2012, movant appeared before the district court for sentencing, and was sentenced to 300 months imprisonment on Count One, which is less than the 360 months guidelines range. Movant appealed. Defense counsel filed an Anders brief, indicating in her professional judgment that movant's issues were either prohibited by appeal waiver, were not legally meritorious, or were more appropriate for collateral review. The Eighth Circuit enforced the appeal waiver and dismissed plaintiff's appeal. United States v. Toal, 494 Fed. Appx. 687 (8th Cir. 2012).

Movant asserts five grounds for relief, with numerous sub-parts: (1) violation of due process in that movant did not in fact plead guilty; (2) ineffectiveness of appellate counsel for failing to raise in appeal the fact that movant did not actually plead guilty; (3) ineffective assistance of trial counsel for failing to ensure that his sentence was the product of a knowing, intelligent and voluntary admission of guilt before the trial court; (4) ineffective assistance of trial counsel at sentencing in that movant's guidelines calculation would have been lower if he had pled guilty to all three counts instead of just count one; and (5) ineffective assistance of trial counsel for failing to obtain a neuropsychological evaluation of him prior to sentencing in order to evaluate any impact movant's Behcet's disease would have on his sentence.

## STANDARD

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), respondent's opposition (Doc. No. 4), movant's reply (Doc. No. 11), and the record in the underlying criminal and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. In particular, the Court finds that movant's claims that he did

not explicitly plead guilty are belied by the record in this matter; movant signed a plea agreement admitting to the factual basis for his guilty plea (see Doc. No. 23), movant testified that the decision he had made was "[t]o change our plea to guilty," (Doc. No. Tr. p. 6), and the Court engaged in a thorough examination of whether the guilty plea entered into knowingly, intelligently, and voluntarily. See Doc. No. 79, Tr. Thus, the first three grounds for relief raised in movant's motion fail, as the plea hearing did not violate movant's due process rights, and counsel was not ineffective at either the trial level or appeal level for not raising this issue.

As for movant's fourth ground for relief, that trial counsel was ineffective for not negotiating a plea agreement wherein movant pled guilty to all three counts of the indictment so that somehow his guidelines calculation would have been lower, movant's argument is again refuted by the record. The record reflects that after the plea agreement had been accepted by the court, defense counsel wanted to assert an un-un-negotiated challenge to the guidelines calculation – that the four point enhancement for sadistic or masochistic conduct in the images related to Counts Two and Three of indictment should not be applied as relevant conduct to the offense of conviction (Count One, production of child pornography). As can be seen in the record, the government agreed that defense counsel could argue that point, despite the issue not being in the plea agreement. After the issue had been fully briefed, the Court ruled against Toal at sentencing, finding that the four point enhancement should apply to his calculation. As noted by the government, movant received at sentencing what he is asking for now – consideration of a different guidelines calculation. The Court, did not have to accept the argument put forth by defense counsel at sentencing, and the Court's ruling on this issue at sentencing does not mean that defense counsel was ineffective. Furthermore, movant has not demonstrated that he was prejudiced by counsel's alleged failure, as he has not demonstrated that he could have negotiated a

3

similar position nor has he demonstrated that if he had pled guilty to three counts of one that the Court would have given him a lighter sentence. Movant's fourth ground for relief, therefore, is denied.

Finally, movant argues that trial counsel was ineffective for failing to obtain a neuropsychological evaluation of him prior to sentencing, and that somehow such an evaluation would have "strongly supported the imposition of a substantial sentence reduction if a conviction were had." Doc. No. 1, p. 9. Movant's claim is speculative at this time, as he has not had such an evaluation conducted as of the date of this order. Moreover, it is apparent from the sentencing transcript that defense counsel used movant's diagnosis of Behcet's disease and his prison medical records to attempt to obtain a lower sentence. Doc. No. 81, Tr. at 3, 4, 6-7, 9, and 19. Furthermore, movant has not demonstrated that a neuropsychological examination would have had an effect on the Court's ultimate finding that movant was a danger to his community and should receive a 300-month sentence. Movant's fifth ground for relief is denied.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed March 13, 2014, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

Date: <u>August 29, 2014</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge